IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(BALTIMORE DIVISION)

| | |
|---|---|
| NATIONAL UNION FIRE INSURANCE ) <br> COMPANY OF PITTSBURGH, PA., et al. ) <br>   ) <br> Plaintiffs   ) <br>   ) <br> v.   ) <br>   ) <br> PORTER HAYDEN COMPANY, et al.   ) <br>   ) <br> Defendants   ) | Case No. 1:03-cv-03408-CCB <br> (Consolidated with: 1:03-cv-03414-CCB) |

**MEMORANDUM OF POINTS IN SUPPORT OF
MOTION TO FURTHER EXTEND DISCOVERY AND SUSPEND BRIEFING**

National Union Fire Insurance Company of Pittsburgh, Pa. ("National Union"), and American Home Assurance Company ("American Home")(collectively "the Insurers"), by and through undersigned counsel, have moved this Honorable Court for an indefinite extension of discovery and to suspend in part the current summary judgment briefing schedule, pursuant to Fed. R. Civ. Pro. 6(b) and its inherent authority to control its own docket, and hereby refer the Court to the following points in support thereof:

I.  BACKGROUND

The current Case Management Order was entered on September 23, 2010. Although the Parties had been able to agree on the issues that needed to be addressed, the Insurers and Porter Hayden each had different views as to the length of time that discovery related to these issues would consume. A status conference was held September 7, 2010, in advance of which the Insurers and Porter Hayden each filed a statement setting forth their separate viewpoints and

1

reasoning as to the anticipated length of the discovery process. See, Docket Nos. 169 and 170 respectively.

The Insurers, based on past experience, stated that certain discovery that they intended to seek would be met with significant opposition. See, *Statement Concerning Discovery*, Docket No. 169, pp. 3-5. Specifically, the Insurers believed that efforts to obtain information provided to other §524(g) trusts by claimants seeking compensation from the Porter Hayden Bodily Injury Trust ("PHBIT") would be strongly opposed. Id. pp. 4-5 ("[…] the Insurers will take discovery from fifteen to twenty other §524(g) asbestos trusts in addition to the Porter Hayden Trust [and] […] [b]ased upon this same discovery that has been taken in other actions, the Insurers anticipate opposition from each trust"). In addition, the Insurers believed that efforts to obtain communications between Porter Hayden and claimants' counsel concerning the negotiations of and vote in favor of Porter Hayden's Plan of Reorganization and Trust Distribution Procedures would face opposition. Id. p. 4 ("[b]ased upon past experience in the bankruptcy matter, the Insurers anticipate significant opposition to this discovery, including likely numerous motions to quash and/or for protective orders filed by claimants' counsel and perhaps Porter Hayden as well, and the potential for motions to compel"). The Insurers therefore requested a period of 12 to 15 months to conclude this discovery.

In contrast, Porter Hayden asserted that all remaining discovery could be concluded within three or four months, and requested a cutoff of the discovery period of December 20, 2010. See, *Porter Hayden Company's Proposed Case Management Plan*, Docket No. 170, p. 2.

Ultimately, the Court decided on a moderate course between the short discovery period advocated by Porter Hayden and the extended period sought by the Insurers. On September 23,

2010 the Court entered the current Case Management Order establishing a cutoff of all discovery of February 28, 2011. See, Order, Docket No. 173. Under the Case Management Order discovery was to commence on September 30, 2010.

## II. INSURERS' DISCOVERY REQUESTS

### a. The Claims Facility Subpoenas.

On October 1, 2010 the Insurers issued subpoenas to five Claims Processing Facilities seeking production of information provided to some twenty-three §524(g) trusts by persons also making claims for compensation from the Porter Hayden Bodily Injury Trust. These Claims Facilities were Verus Claims Services ("Verus")[1], the Delaware Claims Processing Facility ("DCPF")[2], Claims Resolution Management Corporation ("CRMC")[3], MFR Claims Processing ("MFR")[4], and the Western Asbestos Settlement Trust ("WAST"). Due to an oversight, the notice to Porter Hayden required under Fed. R. Civ, Proc. 45(b)(1) was not provided timely and Porter Hayden objected thereto.

---

[1] The §524(g) trusts that Verus processes claims for are: the A&I Corporation Asbestos Bodily Injury Trust; the A-Best Asbestos Settlement Trust, the AC&S Asbestos Settlement Trust; the ARTRA 524(g) Asbestos Trust; the Burns and Roe Asbestos Personal Injury Settlement Trust; the Combustion Engineering 524(g) Asbestos PI Trust; the H. K. Porter Asbestos Trust; the Kaiser Aluminum & Chemical Corporation Asbestos Personal Injury Trust; the Lummus 524(g) Asbestos PI Trust; the Plibrico Asbestos Trust; and the Porter Hayden Bodily Injury Trust.

[2] The §524(g) trusts that DCPF processes claims for are: the Armstrong World Industries, Inc. Asbestos Personal Injury Settlement Trust; the Babcock & Wilcox Company Asbestos Personal Injury Settlement Trust; the Celotex Asbestos Settlement Trust; the Owens Corning/Fibreboard Asbestos Personal Injury Trust; the DII Industries, LLC Asbestos PI Trust; the United States Gypsum Asbestos Personal Injury Settlement Trust – FB Subfund; and the United States Gypsum Asbestos Personal Injury Settlement Trust OC Subfund.

[3] The §524(g) trusts that CRMC processes claims for are: C.E. Thurston & Sons Asbestos Trust; the Manville Personal Injury Settlement Trust; and the United States Mineral Products Company Asbestos Personal Injury Settlement Trust.

[4] The §524(g) trusts that MFR processes claims for are: the JT Thorpe Company Successor Trust and the Shook & Fletcher Asbestos Settlement Trust.

Because of Porter Hayden's objection, on October 22, 2010 the Insurers issued a second subpoena identical to the first in all material respects but the issuing date. This second subpoena was served on all the Claims Facilities on either October 25, 2010 or October 26, 2010.

The Claims Facility subpoenas sought documents or information provided to the Claims Facilities by bodily injury claimants requesting compensation from both PHBIT and from one or more of the trusts for which each facility processed claims. The information requested was limited to the factual allegations made by the claimant in support of the claim (*i.e.*, the claimant's own assertions as to work and asbestos exposure history), the current status of the claim, and the amount if any paid by the trust to the claimant. The subpoenas excluded any request for attorney-client privileged or work product materials and any materials that were generated by or for the facility's internal use in processing the claim.

b.   **Certain Document Requests to Porter Hayden.**

In addition to the information requested from the Claims Facilities, the Insurers sought discovery of certain documents including: [1] the communications between Porter Hayden and counsel for the bodily injury claimants concerning the negotiation of Porter Hayden's Plan of Reorganization and the Trust Distribution Procedures of the Porter Hayden Bodily Injury Trust; and [2] ballots and other records submitted by those claimants and their counsel who asserted a right to vote on approval of the Plan of Reorganization. On October 5, 2010 the Insurers served Porter Hayden with a request for Production of Documents, which included requests for documents responsive to the categories described above. Porter Hayden served its initial responses on November 8, 2010. In response to requests for clarification and further detail by

the Insurers, Porter Hayden provided additional information and acknowledged withholding responsive communications under certain claims of privilege.

    c.    **The Law Firm Subpoenas.**

The Insurers initially sought the communications and voting records described above solely from Porter Hayden, after some clarification of Porter Hayden's response, it became clear that Porter Hayden had in its possession or control only some of the requested documents and was withholding other documents as noted above. Accordingly, on January 12, 2011 the Insurers issued subpoenas to a number of law firms that represented claimants and that filed Master Ballots voting on the Plan of Reorganization ("Law Firms"). These Law Firms also represented claimants with claims asserted against Porter Hayden prior to and during Porter Hayden's bankruptcy reorganization, and so the subpoenas also sought production of communications between the Law Firms and Porter Hayden.

    III.    OPPOSITION TO INSURERS' DISCOVERY EFFORTS

    a.    **The Delaware Trusts Adversary Proceedings.**

With respect to the Claims Facility subpoenas issued by the Insurers, four of the §524(g) trusts involved, the AC&S Asbestos Settlement Trust; the ARTRA 524(g) Asbestos Trust and the Kaiser Aluminum & Chemical Corporation Asbestos Personal Injury Trust administered by Verus, and the Owens Corning/Fibreboard Asbestos Personal Injury Trust and the United States Gypsum Asbestos Personal Injury Settlement Trust administered by DCPF, filed adversary proceedings on or about October 28, 2010 in the Bankruptcy Court for the District of Delaware, before the Honorable Judith Fitzgerald, seeking preliminary and permanent injunctions against the Insurers and against Verus and DCPF in connection with the information sought by the

Insurers[5]. The scope of the relief requested, however, extends far beyond the four plaintiff-trusts and would – if fully granted by the court – enjoin all discovery against any trust or claim facility in any action in the entire country.

In this matter, captioned at <u>ACandS Asbestos Settlement Trust, et al. v. Hartford Accident and Indemnity Co., et al.</u> Adv. No. 10-53719-JKF, ("Delaware Trusts Action") the Trusts' requests for preliminary injunctions were fully briefed and argued before Judge Fitzgerald on December 2, 2010. Motions to dismiss filed by all the defendants in the Delaware Trusts Action were likewise fully brief and argued on December 2, 2010. On February 22, 2011 Judge Fitzgerald issued a Memorandum Opinion and Order dismissing three of the four adversary proceedings and setting the remaining matter, <u>ACandS</u>, for a status conference on March 28, 2011. In so doing, however, Judge Fitzgerald specifically stated that the bankruptcy court was not necessarily accepting that it even had subject matter jurisdiction over the discovery subpoena issued by the Insurers to Verus and DCPF. A motion to reconsider, filed by the Kaiser Aluminum & Chemical Corporation Asbestos Personal Injury Trust, is currently pending that, if granted, would reverse the dismissal as to that trust and treat it substantial the same as the ACandS Trust. A status conference is currently scheduled for March 28, 2011.

### b.     The Motions to Compel the Claims Facilities.

As the Delaware Trust Action proceeded, the Insurers attempted to move forward to obtain the information subpoenaed from Claims Facilities. Each of the Claims Facilities served objections, pursuant to Fed. R. Civ. Proc. 45(c)(2)(B), to the production of the documents and

---

[5] The Delaware Trusts Action originally sought the same injunctive relief against a number of other parties that have seeking to discover substantially similar information from the Claims Facilities, including Garlock Sealing Technologies – a debtor in possession in a bankruptcy action in the Western District of North Carolina, Specialty Products Holding Corporation, a debtor with a Chapter 11 bankruptcy proceeding pending in the District of Delaware, and various Hartford-related insurance companies, in addition to the Insurers.

information sought by the Insurers. Thereafter, on or about November 23, 2010, the Insurers gave each Claims Facility notice of the Insurers' intent to file a motion to compel.[6] On December 20, 2010 the Insurers forwarded to each Claims Facility a draft courtesy copy of the motion to compel that the Insurers intended to file. Motions to compel were filed against Verus on January 4, 2011, DCPF on January 5, 2011, MFR on January 5, 2011, and WAST on January 7, 2011.[7] The Insurers and CRMC are negotiating a possible compromise resolution, so that the motion to compel CRMC is being held in abeyance.

Each of these four miscellaneous actions proceeded in the ordinary course, but due to intervention by trusts in some matters, requests for courtesy extensions, scheduling constraints, and even a medical emergency, no hearings on the merits of the Rule 45 subpoenas have been held to date in any of the matters. As a very recent development, compromise negotiations with the parties in the Verus, DCPF, and WAST-related matters, pending in the Districts of New Jersey, Delaware and Nevada respectively, have made progress, in light of which the scheduled hearings in each of those matter have been postponed to dates in April. No hearing is currently scheduled in the action to compel MFR pending in the Eastern District of Pennsylvania.

    c.    **The Motion to Compel Porter Hayden.**

As noted above, Porter Hayden is withholding production of documents responsive to one or more of the Insurer's discovery requests under certain claims of privilege. The propriety of that withholding is the subject of a motion to compel and responses thereto that the parties

---

[6] In light of some ongoing discussions between counsel, this notice was given to WAST on December 13, 2010.

[7] These actions are captioned as follows: Verus: <u>National Union Fire Insurance Company v. Porter Hayden Company</u>, 11-cv-00046 (D. N.J.); DCPF: <u>In re: Delaware Claims Processing Facility</u>, 11-mc-2 (D. Del.); MFR: <u>National Union Fire Insurance Company v. Porter Hayden Company</u>, 11-mc-1 (E.D. Pa.); WAST: <u>National Union Fire Insurance Company v. Porter Hayden Company</u>, 11-cv-14 (D. Nev.).

have exchanged pursuant to Local Rule 104.8. The Motion to Compel and Opposition thereto are docketed at No. 195 and are awaiting action by the Court. In addition, a motion in opposition to the Motion to Compel Porter Hayden's production of the withheld documents has been filed by The Law Offices of Peter G. Angelos, docketed at No. 196. The Insurers' Motion to Strike this extraneous motion and the Angelos response thereto are docketed at Nos. 198 and 203.

### d. The Law Firm Motions to Quash.

Without exception, each of the Law Firms served with a subpoena by the Insurers filed motions to quash these subpoenas during the week of January 24th to January 28th. Those Motions to Quash are docketed at Nos. 181, 182, 183, and 187 respectively. The Insurers have prepared and filed oppositions to each such motion, docketed at 190, 191, 192, and 193.

### IV.   IMPACT OF DISCOVERY ISSUES ON THE CURRENT CASE MANAGEMENT ORDER

On February 2, 2011, hopeful that a relatively short extension of discovery would be sufficient, the Insurers requested and the Court granted an unopposed six-week extension of discovery to April 11, 2011. Unfortunately, it now appears certain that this brief extension will not prove sufficient.

With respect to the Insurers' efforts to obtain basic information provided to the other trust by the PHBIT claimants, the Insurers are attempting in good faith to negotiate a compromise with most of the Claims Facilities and the Trusts with which they are associated, and remain open to doing so with the others. Although the Insurers are attempting to facilitate these negotiations as much as possible, there is no reasonable probability that any Trust information, even as narrowed by compromise, can or will be produced timely enough to allow the Insurers and their expert consultants adequate time to analyze such information and incorporate any

findings into the scheduled motions for summary judgment. The Court should note that negotiations with the various trusts are particularly time-consuming as each trust has multiple responsible persons (typically one or more trustees, a trust advisory committee and a future claimants representative) each of which must review and approve all compromise terms. The proposed compromises, moreover, do not encompass all of the Claims Facilities and trusts, and so it appears that the Insurers must proceed with the currently pending motions to compel production with respect to some of the subpoenas. Additionally, the process that the Insurers have proposed, in an effort to provide a due process to the claimants whose information would be produced, and based upon court orders requiring production in other actions, is designed to permit the claimants a reasonable opportunity to object to such production and to have a hearing on such objections. Therefore, even if agreements could be consummated with all of the Claims Facilities and trusts by the date this Motion is filed, the notice and objection period would take at least thirty days and, if there are objections, no responsive information would be produced to the Insurers until the court held a hearing on such objections.

With respect to the Insurers' efforts to obtain documents from Porter Hayden responsive to Document Request No. 7 (the subject of the pending Motion to Compel) and to obtain documents form the Law Firms relating to negotiation of and voting on the Plan and the TDP's (the subject of the pending Motions to Quash), should the Court order that production of all or some of these documents it can be reasonably anticipated that actual production will take some period up to two weeks.

It is clear, unfortunately, that the as-yet unresolved status of either of the issues as discussed above will adversely affect the Insurers' ability to brief the motion for partial summary

judgment contemplated by the current Case Management Order to be filed by the Insurers no later than April 29, 2011. As set forth in the Insurer's *Statement Concerning Discovery*, docketed at Document No. 169, both of these categories of documents/information pertain to the subject of the motion required to be filed by this date. As the Insurers initially anticipated, discovery of both categories was strongly opposed. Even if the documents/information were produced to the Insurers immediately, moreover, the Insurers initially estimated that it would take a period of up to 20 weeks to adequately process and analyze the information to be of any use in supporting the final motion for partial summary judgment as contemplated by the CMO.

V.   CONCLUSION

The Insurers have undertaken good faith and diligent efforts to obtain the documents and information sought in discovery, even engaging in efforts to obtain many of those documents and information by compromise. Despite those efforts, none of the disputed discovery has been received as yet, and it is evident that none will be produced for at least several more weeks. At this point, even if all the discovery disputes were resolved immediately, there is grossly inadequate time remaining under the current discovery deadline and briefing schedule for the Insurers and their experts to analyze any documents/information as might be produced. In the light of all the foregoing, National Union Fire Insurance Company of Pittsburgh, Pa. and American Home Assurance Company respectfully request that the Court order that:

1. The current discovery period will be extended indefinitely;
2. The briefing schedule set forth in the current CMO shall be suspended as to the motions contemplated to be filed by the Parties no later than April 1, 2011 and thereafter;

3. A status conference will be scheduled by the Court to be held in May;

4. Five days prior to such status conference the Insurers shall file a statement of the current status of the Delaware bankruptcy adversary proceedings and each of the miscellaneous actions to enforce the Rule 45 subpoenas served by the Insurers on the various Claims Facilities.

Dated: March 23, 2011                Respectfully Submitted,

/s/ Brian C. Malone
Brian C. Malone
Bar No. 16025
Jackson & Campbell, P.C.
1120 20th Street, N.W.
South Tower
Washington, D.C. 20036
(202) 457-5487
(202) 457-1678 (f)
*Counsel for National Union Fire Insurance Company of Pittsburgh, Pa. and American Home Assurance Company*

## CERTIFICATE OF SERVICE

I hereby certify that on the 23rd day of March, 2011, a copy of the foregoing Memorandum of Points in Support of Motion to Further Extend Discovery and Suspend Briefing was served via the Court's Electronic Case Filing system on counsel for all parties.

/s/ Brian C. Malone
Brian C. Malone