IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|   |   |
|---|---|
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, ET AL | : : : : : |
| v. | : : : Civil No. CCB-03-3408 |
| PORTER HAYDEN COMPANY | : : : |

**MEMORANDUM**

This memorandum opinion addresses a series of objections to subpoenas issued by National Union Fire Insurance Company of Pittsburgh, PA and American Home Assurance Company ("the Insurers"). The subpoenas at issue seek information from non-party bankruptcy trusts and claim processing facilities about claims submitted by individuals who also made claims to the Insured, Porter Hayden Bodily Injury Trust (PBHIT). On April 19, 2011, victims of asbestos-related diseases represented by the Law Offices of Peter G. Angelos and Weitz & Luxenburg filed a Joint Objection to Disclosure of Certain Claim Information Filed with Certain Third Party Bankruptcy Trusts, arguing the subpoenas should be quashed in their entirety. Since then, victims of asbestos-related diseases represented by various attorneys have filed motions for joinder, incorporating and joining the objections set forth by Weitz & Luxenburg and the Law Offices of Peter G. Angelos in their initial motion (ECF No. 223), as well as a subsequent motion (ECF No. 245) objecting to another set of the Insurers' subpoenas on the same grounds. (*See* Motions for Joinder, ECF Nos. 224, 225, 226, 227, 229, 231, 232, 236, 237, 241, 243, 244, 246, 247, 248, 249, 250, 251, 252, 253, 254, 255, 256, 257, 258, 260, 261, 264, 265, 266, 267, 270, 277.) The Insurers responded to these objections. (*See* Omnibus Response to Claimant

Objections to Production of Claim Forms, ECF No. 233; Supplemental Responses, ECF Nos. 259, 271, 275.) On December 15, 2011, the court held a hearing on the motions to quash the subpoenas. Having considered the arguments set forth on the papers and at the hearing, the court now addresses the aforementioned motions.

For the reasons set forth below, the court will deny the Objectors' motions to quash the subpoenas. Discovery will continue subject to the limitations previously set forth in the stipulated protective orders, and the Insurers will bear the costs of production.

**Background**

The first round of the challenged subpoenas was served on claim processing facilities in October 2010. (*See, e.g.,* Subpoena served on Claims Resolution Mgmt Corp., ECF No. 223, Exh. 1.) The subpoenas sought information provided to the asbestos settlement trusts by persons who also claimed compensation from the PHBIT. Specifically, the subpoenas called for each trust or claims processing facility to produce the information which claimants supplied on the claim forms (including attachments and supplements), the amounts paid to the claimants, and the status of claimants who had not recovered from the trust. (*Id.*)

In April 2011, the Insurers and the processing facilities and trusts stipulated to protective orders governing the disclosure of information by third party trusts and claim processing facilities. (*See* Stipulated Protective Orders, ECF Nos. 211, 213, 216.) This court granted those protective orders, thus narrowing the scope of the initial subpoenas. (*See* Paperless orders granting motions, ECF Nos. 212, 215, 217.) The protective orders set forth procedures for handling confidential information, the process by which claimant information would be sought, the nature of the information to be sought, and the redactions that would be made to all information produced. The orders provided that the Insurers' requests would be limited to a

random sampling of 10% of the Porter Hayden Trust claimant database; no medical information except about the disease claimed and date of diagnosis would be sought; and addresses, social security numbers, dependent names, and birth years would be omitted. The orders also stated that the Insurers would not seek information about the amounts paid to claimants or the claim status of claimants who have not recovered. (*See, e.g.,* ECF No. 211 & 211, Exh. 1.)

At a hearing on December 15, 2011, the parties set forth their arguments. The Objectors claimed the subpoenas should be quashed on the grounds that the material sought is protected under the confidentiality provisions of the Trust Distribution Procedures (TDPs) and also constitutes privileged settlement-related material. They argued the subpoenaed information lacks relevance to the pending litigation and represents a diversion from an efficient adjudication of the underlying dispute. The Insurers countered that neither the confidentiality language in the TDPs nor restrictions on the use of settlement-related material should bar discovery. Moreover, the Insurers maintained that because they are expected to indemnify Porter Hayden for payments made to the claimants, issues about whether those individuals filed claims with other asbestos settlement trusts and whether that information is consistent are relevant to the underlying litigation. These arguments will be addressed in turn.

**Discussion**

*Confidentiality provisions of the TDPs*

As an initial matter, the parties dispute whether the confidentiality provisions of the TDPs bar discovery of the information possessed by the trusts. The Objectors point to language in the TDPs stating, for example, that evidence "submitted to establish proof of exposure . . . is for the sole benefit of the Trust, not third parties or defendants in the tort system." (Porter Hayden TDP,

3

ECF No. 223, Exh. 4, p. 36.)  While each TDP contains different language about confidentiality, the Objectors argue "numerous bankruptcy TDPs expressly – and all at least implicitly – prohibit 'defendants in the tort system' from making any use of information or documents they may obtain from proof of claim filing mechanisms."  (ECF No. 233, p. 5.)

The Insurers, by contrast, contend a confidentiality agreement "is merely a contract between its parties to maintain communications and documents between themselves as confidential and to not voluntarily disclose them to outsiders."  (ECF No. 233, p. 13).  Moreover, they argue the confidentiality provisions of the TDPs "may be binding on and between the Claimants and the trusts, but there is no recognized legal principle holding that parties can create immunity from discovery for themselves by entering into a private agreement." (*Id.* at 13-14).

The Insurers are correct.  There is no privilege for documents merely because they are subject to a confidentiality agreement, and confidentiality agreements do not necessarily bar discovery that is otherwise permissible and relevant.  *See, e.g.*, *Porter Hayden Co. v. Bullinger*, 350 Md. 452, 464, 469 (1998) (holding that settlement agreements are not automatically protected from discovery even though they were "deemed confidential by the parties who negotiated them"); *Young v. State Farm Mut. Auto. Ins. Co.*, 169 F.R.D. 72, 77-80 (S.D.W. Va. 1996) (rejecting the argument that an agreement is rendered non-discoverable by virtue of its confidentiality provisions).  While the intent of the claimants and the trusts to protect the information they exchanged may be relevant to this court's exercise of discretion and its decision to require a protective order, it is not determinative as a matter of law.

*Settlement-related material*

The Objectors also argue the information in the claim forms is protected from discovery on account of being settlement-related material.  In support of their argument, the Objectors

4

point to *Volkswagen of America, Inc. v. Superior Court,* 139 Cal. App. 4th 1481 (1st Dist. 2006), in which the court distinguished between statements by trust claimants that should be immune from discovery by virtue of being settlement-related and those that more closely resemble a complaint and are thus discoverable.  The Objectors argue that even as limited by the protective orders, the subpoenaed information relates to settlement and should be protected from discovery.

In response to these objections, the Insurers first argue the requested information, as redacted and modified by the protective orders, is not related to settlement such that the court should protect it from discovery.  The Insurers note the *Volkswagen* court held that a "claim form is more likely to be analogous to a complaint [and thus discoverable] than to a settlement demand."  139 Cal. App. 4th at 1494.  *See also id.* ("A statement by a claimant concerning the extent of his injuries or disease, or concerning the amount of damages he or she claims to have suffered, if not connected with an offer of compromise, may well constitute an admissible admission.") (internal quotations omitted).  Moreover, *Volkswagen* found that settlement documents may be discoverable if relevant.  *See id.* at 1492.

The Insurers also argue information from claim forms should not be protected from discovery even if the court determines that it relates to settlement.  (ECF No. 233, p. 7).  The Insurers point out that the Fourth Circuit, like the majority of courts, has declined to recognize a federal settlement privilege, and courts in this district have declined to apply a settlement privilege in discovery disputes.  A judge in this district recently noted that "neither party apparently urges this court to recognize a federal settlement privilege, nor does the court find, based upon its review of the case law, that such a privilege should be recognized." *Equal Rights Ctr. v. Archstone-Smith Trust*, 251 F.R.D. 168, 170 (D. Md. 2008); *see also Johns Hopkins University, et al. v. Datascope Corp.*, 2007 WL 1450367 *1 (D. Md. May 16, 2007) (employing

a traditional relevance analysis under Federal Rule of Civil Procedure 26(b)(1) rather than applying a settlement privilege where plaintiffs specifically sought to compel production of "documents concerning settlement negotiations").[1]

The court finds that the material sought by the subpoenas should not be automatically barred from discovery by virtue of being related to settlement. As noted, the Fourth Circuit has not imposed a settlement privilege with respect to discovery. To the contrary, courts in this circuit have found that "*relevance* not *admissibility,* is the appropriate inquiry with regard to whether or not the information sought . . . is discoverable." *Herchenroeder v. Johns Hopkins Univ. Applied Physics Lab.*, 171 F.R.D. 179, 181 (D. Md. 1997) (emphasis in original). *See Polston v. Eli Lilly & Co.*, 2010 WL 2926159 *1 (D.S.C. July 23, 2010) ("The Fourth Circuit has never recognized a settlement privilege or required a particularized showing in the context of a subpoena for confidential settlement documents. Nor can the court find any statute or rule excepting a confidential settlement agreement from Rule 26(b)(1). Accordingly, the only question before the court is whether any information in the . . . agreement is relevant, and not unduly burdensome to produce.").

Furthermore, the protective orders sufficiently limit the production of information so as to exclude any settlement-related material. Several courts have permitted discovery of information contained in asbestos-related claims when limited to work history, job duties, evidence of asbestos exposure, and medical history. In those cases, the courts found that because, as here, the subpoenaed information did not include settlement figures or evidence of negotiations or compromise, it did not warrant protection from discovery. *See, e.g., Volkswagen of America*, 139 Cal. App. 4th at 1492; *Shepherd v. Pneumo-Abex, LLC*, 2010 WL 3431633

---

[1] Unpublished cases are not binding precedent and are cited only for their reasoning.

(E.D. Pa. Aug. 30, 2010); *Lyman v. Union Carbide Corp*. (In re: Asbestos Products Liability Litigation), 2009 WL 6869437 (E.D. Pa. Sept. 18, 2009).

*Relevance*

Finally, Objectors argue the requested information is irrelevant to the pending litigation under Federal Rule of Civil Procedure 26.  Rule 26 states: "Parties may obtain discovery regarding any nonprivileged matter that is *relevant* to any party's claim or defense . . . .  Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  F.R.C.P. 26(b)(1) (emphasis added).  The Objectors argue even if there are irregularities in the trust claims, as the Insurers contend, those irregularities do not constitute a defense to performance by the Insurers in the pending litigation and therefore are not relevant.  (ECF No. 223, p. 10-11.)

The Insurers argue that under the appropriate relevance analysis, the information sought is relevant and therefore discoverable.  In this suit, Porter Hayden contends the Insurers must indemnify it for payments made to settle asbestos-related claims.  According to the Insurers, they "naturally wish to determine two basic facts: first, whether a Claimant who has filed a claim for compensation with the Porter Hayden Trust has also filed a claim or claims with other asbestos settlement trusts, and if so, second, whether the Claimant has provided consistent information to each trust as to work, and exposure history.  Put briefly, the claim forms – even as redacted by agreement – will allow the Insurers to confirm the factual basis of the claims for which Porter Hayden contends the Insurers must pay."  (ECF No. 233, p. 9-10).  The Insurers contend that evidence showing that PBHIT claimants alleged inconsistent facts might reveal that the claims in question are invalid or even fraudulent.  They note that Porter Hayden Trust gathers no

information about its claimants' submissions to other trusts and has no process in place to verify the consistency of claimants' submissions. *See* ECF No. 233, p. 11, n.5. A sufficient showing of fraud or invalidity, the Insurers argue, would affect their obligation to repay Porter Hayden.

In support of their relevance argument, the Insurers reference an unpublished opinion in which a Nevada court concluded – in a dispute between a bankrupt corporation and its insurers – that information about the validity of claims made to the asbestos trust was relevant and discoverable. *See Congoleum Corp. v. Ace American Ins. Co..,* No. CV09-00548 (Nev. Dist. Ct. Washoe Co. Nov. 9, 2009), at 10-11 (reproduced at ECF No. 233, Exh. 3). In a related case, a Delaware court permitted discovery of information contained in asbestos claim forms for the same reason. *See Congoleum Corp. v. Ace American Ins. Co.*, No. 09M-01-084, memo op. at 15 (Del. Sup. Ct. Aug. 4, 2009) (reproduced at ECF No. 233, Exh. 2) (finding the relevance of information from asbestos trust forms to be "beyond dispute" where the insurers issued subpoenas in order to determine if claims were inaccurate or fraudulent).

Likewise, in *Federal-Mogul Products, Inc., et al. v. AIG Casualty Co.*, a Special Master determined that information from asbestos trust claim forms was relevant to a dispute between an insurer and its insured. "Under our liberal discovery standards I am constrained to conclude the discovery sought . . . is reasonably calculated to lead to the discovery of admissible evidence, which may be probative in showing that the TDPs for the [] Trust are reasonable or unreasonable." *Federal Mogul Products, et al. v. AIG Casualty Co.*, Report & Recommendation of the Special Discovery Master, No. MRS-L-002535-06 (N.J. Super. Ct. July 20, 2011), at 33-34 (reproduced at ECF No. 275, Exh. 1); *accord Volkswagen of America,* 139 Cal. App. 4th at 1492 (1492 (finding information on asbestos trust claim forms concerning work history and medical conditions to be "relevant" and "directly at issue"); *Shepherd,* 2010 WL 3431633 \*2

(information supplied by claimants on asbestos trust forms is relevant and thus discoverable); *Lyman*, 2009 WL 6869437 *1 (same).

Similarly, this court finds that the information sought in the Insurers' subpoenas meets the standard for relevance set forth by Rule 26. To the extent the requested material is sensitive, this court finds that the protective measures already in place sufficiently address the Objectors' privacy concerns. Moreover, at the December 15, 2011, hearing, the Insurers represented to the court that litigation would move forward without delay on account of the discovery. Finally, the court will also order that Insurers are responsible for all costs associated with discovery pursuant to the subpoenas in question.

For all the above reasons, the Objectors' motions to quash the subpoenas will be denied. A separate Order follows.

February 24, 2012        /s/
Date                     Catherine C. Blake
                         United States District Judge