**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

|  |  |  |
|---|---|---|
| | : | |
| | : | |
| NATIONAL UNION FIRE INSURANCE | : | |
| COMPANY OF PITTSBURGH, PA, ET AL | : | |
| | : | |
| v. | : | |
| | : | Civil No. CCB-03-3408 |
| | : | |
| PORTER HAYDEN COMPANY | : | |
| | : | |

**MEMORANDUM**

This memorandum addresses Porter Hayden's Motion for Partial Summary Judgment

Regarding Application of Insurance Policies' Aggregate Limits.  (ECF No. 202.)  In September

2005, Judge Davis issued an opinion in this case clarifying how asbestos-related bodily injury

claims would be classified under the various policies ("hazards") within the insurance policies

issued by National Union Fire Insurance Company of Pittsburgh and American Home Assurance

Company.  *Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Porter Hayden Co.*, 331 B.R. 652 (D.

Md. 2005) (ECF No. 74).  The opinion set forth the parameters for determining whether a given

claim would fall under the "operations" hazard or the "completed operations" hazard.  The issue

was, and continues to be, contested by the parties because claims classified under the completed

operations (or "products") hazard are subject to an aggregate limit on liability while the

operations hazard imposes no aggregate limit.

Porter Hayden now seeks a determination from this court that National Union Fire

Insurance and American Home Assurance ("the Insurers") bear the burden of demonstrating that

a claim falls under the completed operations hazard (and thus is subject to an aggregate limit on

liability).  The Insurers argue that it is incumbent upon Porter Hayden to establish the source of

1

coverage for claims as part of its prima facie case.  To the extent that Porter Hayden asks that

classification of a claim under the completed operations hazard be treated as an exclusion or

affirmative defense, that request will be denied.  Having considered the arguments, the court

finds that Porter Hayden, as the insured party, bears the burden of showing the source of

coverage for all claims.  For the reasons further explained below, Porter Hayden's motion for

partial summary judgment will be denied.

**Discussion**

As noted, the extent of the Insurers' duty to indemnify Porter Hayden depends in part on

whether claims are classified as completed operations (or "products") claims or operations

claims.  While the Insurers concede that coverage is afforded for both types of claims, an

aggregate limit applies only to claims that fall within the completed operations/products hazard.[1]

It is undisputed that Porter Hayden stopped most asbestos operations in 1973.  All of the

insurance policies at issue in this case were issued after 1973.  As set forth in Judge Davis's

September 2005 opinion, a claim falls under the operations hazard if a claimant's initial exposure

occurred while Porter Hayden was still conducting asbestos-related operations.  If the initial

exposure occurred after the operations were completed, or if exposure that began during

operations continued after they were completed, the claim is subject to the aggregate limit for

completed operations claims for any policy that came into effect after operations were complete.

*Porter Hayden*, 331 B.R. at 667, quoting *In re Wallace & Gale Co.*, 385 F.3d 820, 826 (4th Cir.

---

[1] An "each occurrence" limit applies to both hazards such that the total liability for all damages due to bodily injury as a result of any "one occurrence" shall not exceed $1,000,000.  An aggregate limit of liability of $1,000,000 applies to all claims within the completed operations hazard, but *not* to claims classified within the operations hazard.  (ECF No. 201, Exh. 4, E-1 to E-2.)  The second-layer excess policies at issue in this litigation – issued by National Union Fire and American Home Assurance – are also subject to per occurrence and aggregate limits as is the National Union Fire primary policy.  (ECF No. 201, Exh. 5, E-1 to E-9.)

2004).  The September 2005 opinion did not explicitly discuss the allocation of the burden of proof for showing how a claim should be classified, which is the subject of this motion.

The parties agree that Porter Hayden must make a prima facie case that it is entitled to coverage for a particular claim.  They also agree that the Insurers then bear the burden of presenting affirmative defenses or showing that an exclusion applies under the policy.  Porter Hayden and the Insurers disagree, however, as to whether demonstrating that a particular claim falls under the completed operations hazard or the operations hazard is properly part of the prima facie case (to be proven by Porter Hayden) or in the nature of an exclusion (to be proven by the Insurers).  In other words, Porter Hayden argues that no aggregate limit applies to any claim unless the Insurers demonstrate that it does.  The Insurers contend that Porter Hayden is responsible for establishing the source of coverage for a claim, regardless of which hazard applies.

Indeed, it is well-established in Maryland that "[i]n an action on an insurance policy, the plaintiff has the burden of proving every fact essential to his or her right to recover."  *In re Wallace & Gale Co.,* 275 B.R. 223, 230 (D. Md. 2002) *opinion vacated in part on other grounds,* 284 B.R. 557 (D. Md. 2002) *aff'd,* 385 F.3d 820 (4th Cir. 2004) and *aff'd in part,* 385 F.3d 820 (4th Cir. 2004) (citing *North Am. Acc. Ins. Co. v. Plummer,* 167 Md. 670, 176 A. 466, 469 (1935)).  Once the plaintiff makes that prima facie showing, "the burden rests on the insurer to establish the applicability of a particular exclusion from coverage."  *ACE Am. Ins. Co. v. Ascend One Corp.*, 570 F. Supp. 2d 789, 798 (D. Md. 2008), citing *Warfield-Dorsey Co., Inc. v. Travelers Cas. & Sur. Co. of Illinois*, 66 F. Supp. 2d 681, 685 (D. Md. 1999).

This court finds that Porter Hayden bears the burden of showing when the operations hazard applies to a claim.  It is true that the Insurers bear the burden of establishing exclusions in

coverage, presenting affirmative defenses, or otherwise limiting coverage beyond the terms of coverage.  Classification of a claim, however, is a matter of showing *entitlement* to coverage – not a defense or limitation thereto.  Insofar as Porter Hayden argues that it was conducting operations that resulted in the release of asbestos fibers (such as "tie-in" operations or asbestos removal operations) during the relevant policy periods, then the burden is on Porter Hayden to prove that.  Porter Hayden, of course, is in the best position to make this showing.  The court will not require the Insurers to demonstrate the absence of ongoing operations during the policy periods.

This finding accords with the holding of *Fibreboard Corp. v. Hartford Accident & Indem. Co.*, 16 Cal. App. 4th 492, 503 (1993), which addressed a related issue.  There, the insured argued that "the 'products hazard' clause is in the nature of an exclusion which limits coverage" and should be interpreted accordingly.  *Id.*  The court rejected that argument, finding that the products hazard clause was not an exclusion, but rather a "term of coverage." *Id.*[2]  This court agrees and rejects Porter Hayden's attempt to reallocate the burden of proof.  Again, an insured "has the burden of proving every fact essential to his or her right to recover" as part of its prima facie case, and identifying the hazard that provides coverage for a claim is part of that obligation. *Wallace & Gale,* 275 B.R. at 230.

Subsidiary issues related to the specific quantum of evidence required for proving each element of the case and a more detailed analysis of the burdens of proof will be reserved for jury instructions.[3]

---

[2] In *Fibreboard*, the insured urged the court to interpret the products hazard clause as an exclusion limiting coverage so that the clause would be construed against the insurer under California law. 16 Cal. App. 4th at 503.  Here, the insured petitions the court to interpret the products hazard clause as an exclusion in order to shift the burden of proof to the insurer.

[3] In its reply brief, Porter Hayden raises a highly specific issue about the burden of proof for a particular class of claimants who have been exposed to asbestos from operations before the policy period as well as

For the reasons stated above, Porter Hayden's motion for partial summary judgment will be denied.   A separate order follows.

Date:  March 6, 2012                                    _____/s/_____
                                                        Catherine C. Blake
                                                        United States District Judge

---

during the policy period.  To the extent that this opinion does not address that matter, Porter Hayden may bring the issue to the court's attention again at an appropriate time.