**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| NATIONAL UNION FIRE INSURANCE : | |
| COMPANY OF PITTSBURGH, PA, *et al* : | |
| : | |
| v. : | Civil No. CCB-03-3408 |
| : | |
| : | |
| PORTER HAYDEN COMPANY : | |
| : | |

**MEMORANDUM**

Because of an ongoing discovery dispute in this nearly decade old asbestos litigation, the insurers (National Union and American Home) filed a Renewed Motion to Compel on February 8, 2012 (ECF No. 311.) For the reasons set forth below, I will deny the insurers' motion.

This dispute arises from the insurers' allegation that Porter Hayden colluded with the asbestos claimants in violation of its agreements with the insurers. On February 14, 2011, the insurers filed a motion to compel Porter Hayden to produce documents in response to their Document Request No. 7. The request sought communications between Porter Hayden, the claimants' representatives ("the Committee") and the future claimants' representatives ("the FCR") regarding the reorganization "Plan" and Trust Distribution Procedures ("TDP") that the three parties developed to settle claims. (Pls.' Renewed Mot. Compel, ECF No. 311, ¶¶ 1-2.) On September 22, 2011, the court granted the insurers' motion to compel and ordered Porter Hayden to produce a privilege log demonstrating that the documents responsive to Request No. 7 that it withheld were, in fact, privileged. (ECF No. 278.) On November 15, 2011, Porter Hayden produced this log "providing essential details of those documents responsive to [Request No. 7]

that it was withholding." (ECF No. 311 ¶ 8, Exh. 1.) The log indicates that Porter Hayden, invoking the attorney-client privilege, work product privilege, and common interest doctrine, intends to withhold the responsive documents. (*Id.*) Porter Hayden asserts that the documents were shared under a confidentiality agreement among the company, the Committee, and the FCR, (*see* ECF No. 195-1, Exh. F), and that the parties shared a common legal interest when the documents were shared. The insurers now renew their motion to compel, challenging Porter Hayden's assertion of the common interest doctrine.

The insurers do not dispute that the documents they seek were, at one time, privileged. Instead, they argue that by circulating them amongst the Committee and the FCR during the development of the Plan and TDP, Porter Hayden waived its privilege with respect to such documents. Porter Hayden admits that it shared the documents with the third parties but asserts that the common interest doctrine nonetheless protects them. "The common interest doctrine permits parties whose legal interests coincide to share privileged materials with one another in order to more effectively prosecute or defend their claims." *Hunton & Williams v. U.S. Dep't of Justice*, 590 F.3d 272, 277 (4th Cir. 2010) (citing *In re Grand Jury Subpoenas*, 902 F.2d 244, 248-49 (4th Cir. 1990)). So long as privileged documents are shared amongst "separate parties in the course of a matter of common interest . . . to further that effort," a party may properly withhold such documents in discovery. *See In re Leslie Controls, Inc.*, 437 B.R. 493, 497 (Bankr. D. Del. 2010). Thus, the sole issue to decide here is whether Porter Hayden, the Committee, and the FCR had a common legal interest when the documents were shared such that they remain privileged.

The insurers argue that, when they were negotiating the Plan and TDP, Porter Hayden,

the Committee, and the FCR did not share a common legal interest because the Committee and the FCR were directly competing to maximize their share of the funds that would eventually be distributed from the trust created by the agreement. While it is true that each party had certain interests that were adverse, this fact alone does not preclude application of the common interest doctrine. *In re Leslie Controls*, 437 B.R. at 500-02. The controlling question is "regardless of the fact that there were ongoing plan negotiations, whether [Porter Hayden] shared information with [the other parties] that was related to the parties' common legal interest." *Id.* at 502.

      I hold that the documents were related to a common legal interest and, thus, that they remain privileged. Porter Hayden shared the documents with the Committee and the FCR to maximize the resulting trust's assets and to win court approval of the resulting Plan. This was the primary legal interest shared by all three parties. *See In re Tribune Co.*, 2011 WL 386827 (Bankr. D. Del. Feb. 3, 2011) ("Even though the [Plan proponents'] interests are not completely in accord, they share the common legal interest of obtaining approval of their settlement and confirmation of the [Plan], thereby resolving the legal disputes between and among them.")[1] The parties also held a reasonable expectation that documents shared amongst them would remain confidential, as shown by their joint confidentiality agreement. Because it shared the documents in confidence with the common legal interest of maximizing assets and obtaining Plan approval, Porter Hayden has properly invoked the common interest doctrine and did not waive its privilege with respect to the documents sought by the insurers. Accordingly, the insurers' Renewed Motion to Compel will be denied.

---

[1] Unpublished opinions are cited for the soundness of their reasoning, not for their precedential value.

A separate order follows.


  09/24/2012                                                       /s/
Date                                                                Catherine C. Blake
                                                                     United States District Judge